69 So.2d 365

## FUSS

v.

## CORDELERIA DE SAN JUAN, S. A.

No. 40530.

Dec. 14, 1953.

Isaac S. Heller, New Orleans, for plaintiff-appellant.

Henry A. Gabb, New Orleans, for defendant-appellee.

PONDER, Justice.

In this suit the plaintiff, George Fuss, is seeking to recover from the defendant, Cordeleria De San Juan, the sum of $11,497.17 alleged to be due him as commission on certain goods he sold for the defendant. The lower court rejected the plaintiff's demand and he has appealed.

The plaintiff-appellant contends that he was entitled to 5% commission on the sales made by him for the defendant amounting to $15,329.56. He admits the defendant-appellee has paid him the sum of $3,832.39 and contends that he is now due the balance, the amount sued for. The appellee takes the position that the payment of $3,832.39 was in full and final settlement.

It appears from the record that there was some correspondence, prior to March 2, 1949, between the appellant and appellee regarding the commission to be paid the appellant wherein there was a dispute between the parties as to just what the commission would be. The appellant and appellee in their briefs admit that there was a dispute as to the amount of the commission. On March 2, 1949 the appellee addressed a letter to the appellant enclosing therein a check payable to the appellant for the amount of $3,832.39 wherein it is stated:

"In accordance with promise that we made you, we have the pleasure to

remit herewith our check No. 229 to your order and drawn on the Hibernia National Bank, in the amount of $3,832.39, U. S. Cy. which represents 1¼% of the value of our invoices, FOB Progreso, and which we are paying you by way of commission, rendering you once more our best thanks for your splendid cooperation. We would have wished this commission to be greater, but you are aware that we had to reduce our original price in the proportion of 25¢ per bale in order to close the operation, and subsequently we had the misfortune of having to bear the most onerous tax of 15 plus 2% ad valorem, which has caused us an irreparable loss. Inasmuch as you are a man of understanding, you will easily appreciate our position."

The appellant accepted the check and deposited it to his account. Two days thereafter he addressed a long letter to the appellee of an argumentative nature in an attempt to persuade the appellee to pay him an additional sum. We do not gather from reading this letter that it indicates any refusal to accept the amount received by him.

From our appreciation of the evidence there was no definite commission agreed upon and the appellant knew that he was to be paid what the appellee considered a fair commission and that the price obtained for the merchandise, the value of the currency and the taxes in effect at the time of the sale were to be the determining factors.

A mere reading of the letter of March 2, 1949, shows that the check was given in full payment and final settlement of the commission due the appellant. He accepted the check under these circumstances and converted it to his own use. He cannot now be heard to say that he is entitled to any further sum.

The jurisprudence of this state is well settled that when a person accepts and converts to his own use a check given in full settlement of a claim, he is forever estopped from claiming any additional amount. Davis-Wood Lumber Co. v. Farnsworth & Co., La.App., 171 So. 622; Berger v. Quintero, 170 La. 37, 127 So. 356; Henriques v. Vaccaro, 220 La. 216, 56 So.2d 236.

For the reasons assigned, the judgment is affirmed at appellant's cost.