JANVIER, Judge.
Plaintiff corporation, retail florists, alleging that on order of defendant it furnished for her wedding certain bridal bouquets, corsages, decorations, and other similar merchandise, and that the bill therefor amounted to $535.60, but that only $214 had been paid on account and that there remained a balance due of $321.60 in spite of amicable demand, prays for judgment against defendant for that amount.
Defendant at first filed a general denial and almost eight months later filed a supplemental answer in which she alleged that there had been accord and satisfaction resulting from the fact that in making one of the payments, she had sent to defendant a check for $185 on the front of which, at the bottom, were written the words “Paid in full,” and that, since the plaintiff had accepted and cashed this check, it was es-topped to make further demand.
There was judgment in favor of plaintiff as prayed for, and defendant has appealed.
It is shown conclusively that for the flowers, decorations, etc. and for the services rendered the total amount charged was extremely reasonable. In addition to the bridal bouquets and corsages, decorations were furnished for both the St. Louis Cathedral and for a reception room in a local hotel. In fact, there is no contention that the charge was exorbitant.
All that defendant contends is that when she ordered the flowers the owner and manager of defendant agreed that the total price would be $170 and that thereafter she placed an additional order amounting to $15 and a second additional order amounting to $29. She contends that when she received the bill for $535.60, she protested the amount and refused to pay more than the smaller amounts already set forth, and that she then sent the check referred to on which were written the words “Paid in full.”
Plaintiff corporation, through its owner and manager, says that there was never any dispute about the amount of the charge, and, referring to the check, he indicates very clearly that he does not think the words referred to were on it when it was received, though he concedes that there is a possibility that they were on it. He says that at that time there was no dispute over the amount due.
When we consider the evidence submitted on behalf of defendant concerning those words, we find that neither defendant nor her brother, who was her office manager, knew who had put the words on the check, nor knew who had instructed a clerk to do so if the clerk did so. In other words they seem to contend that when the bill for $535.60 was received, it was given to a clerk without any instructions and that the clerk on his own accord wrote out the check on a typewriter and wrote on the bottom the disputed words, and that defendant’s brother then signed the check and sent it to plaintiff.
A microscopic examination of the check itself creates grave doubt as to whether those words were written on it at the same *671 time as were the words constituting the other portions of the check. The words, “Paid in full”, are slightly out of parallel with all of the other words. We realize, of course, that since those words are very near the bottom of the check, it is quite possible that the check may have slipped on the roller of the typewriter, and that they may have been written at the same time. In view of all of the other evidence we have grave doubt that the words were on the check when it was delivered.
The only fact which gives us any concern is that when the brother of defendant apparently attempted to testify that he had overheard a telephone conversation between the defendant and the manager of the plaintiff corporation and that this telephone conversation showed that there was a dispute over the amount of the bill, this testimony was ruled inadmissible as hearsay.
If it could have been shown positively that 'that conversation was between the defendant and the manager of plaintiff, this testimony would not have been hearsay and would have been admissible. If we had any doubt on the principal issue, we would remand the matter in order that this testimony might be introduced.
Even if the words were on the check, if there was no dispute over the total amount due, no estoppel would have resulted since accord and satisfaction results only when such a payment is accepted after a dispute as to the correct amount.
Counsel for defendant himself concedes this and quotes the following from C.J.S., Verbo Accord and Satisfaction, Vol. 1, § 2, p. 467:
“ * * * it is essential to the making of a valid accord and satisfaction that there be a bona fide dispute or controversy between the parties, an actual and substantial difference of opinion, as to either the validity of the demand, the liability of the debtor, or the amount due from him, * *
 Here there was no dispute over the amount.
The judgment appealed from is affirmed at the cost of plaintiff.
Affirmed.