SAVOY, Judge.
Plaintiff filed suit against defendant on an open account claiming defendant owed him a balance of $372.00. Plaintiff alleges that he furnished labor, services and material to defendant in the principal sum of $1,529.75; that defendant has paid by check the sum of $1,146.50, leaving the amount sued for unpaid.
Defendant filed an answer setting forth that plaintiff, in performing work for defendant, used several pieces of equipment ttpon which there, was a rental charge of $383.25; that he deducted this sum from the amount of plaintiff’s original statement of $1,529.75, leaving a balance of $1,146.50; that he mailed plaintiff a check for $1,146.- *575 50-; that plaintiff accepted and cashed said check without protest, and this acceptance constituted full payment of the account. By supplemental and amended answer defendant pled, in the alternative, a defense of accord and satisfaction.
After a trial on the merits the court rejected defendant’s contentions and granted plaintiff judgment against defendant as prayed for.
In the case of Jones v. Standard Life & Accident Insurance Co., (La.App., 3 Cir., 1961), 129 So.2d 84, cert. denied 1961, this Court said:
“The rule to be applied in determining whether or not there has been an accord and satisfaction was succinctly stated in Davis-Wood Lumber Co. v. Farnsworth & Co. [La.App., 171 So. 622], supra, to the effect that: a disputed claim must exist between the creditor and debtor; a tender must have been made in full settlement of the claim; and the tender of the settlement as full payment must have been accepted by the creditor. * * * ”
In the Jones case, supra, we held that the insured’s negotiating of the insurer’s check was not an accord and satisfaction'of insured’s claim against the insurer under a hospital expense policy, where the check bore no indication that it was payment in full, and there was no mutual understanding that the check was accepted in full settlement of insured’s claim.
In Peter A. Chopin, Inc. v. D’Antoni, (La.App., 4 Cir., 1960), 123 So.2d 669, the court held that where there was no dispute as to the amount which the debtor was to pay the creditor for merchandise and services, there could be no accord and satisfaction based on acceptance of part payment by check, regardless of whether “Paid in Full” notation appeared on the check.
The law applicable to this case is well settled as set forth herein.
The only controversy herein is one of fact. The trial court found, and we think correctly so, that there was no dispute as to the amount to be paid for the work done by plaintiff in the instant case. An agent of the defendant corporation signed the time sheet acknowledging that he owed plaintiff the sum of $1,529.75 for material and services performed for defendant. The trial judge also found there was no agreement between the parties that the check sent by defendant to plaintiff and cashed by plaintiff was in full payment of the indebtedness. After an examination of the record, we agree with this finding of fact.
It was proven that defendant owed plaintiff $327.00 by a preponderance of the evidence.
Accordingly, the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.