TATE, Judge
(concurring).
The majority opinion reaches the correct result. However, it seems to me that a simpler ground is a preferable basis for the decision.
The plaintiff Alma Smith had brought suit in forma pauperis. She was therefore not required to pay costs as they accrued or to furnish security for them. LSA-C.C.P. Articles 5181-5188. The final judgment of the Supreme Court, affirming all lower court rulings in this respect, held her free from any liability for court costs. .
The simple basis for the decision, it seems to me, is forcefully stated in Southern Farm’s brief as follows:
“Theoretically and practically, Alma Smith has no interest in the payment of these costs. If any person does have such an interest, it is the Clerk of Court of the Thirteenth Judicial District Court, and his remedy is to record a judgment for the unpaid costs against Dovic Fontenot, which he has already done.
“Southern Farm has paid its share of these costs, and there has been no demand made by the Clerk of Court upon it for the other half of the costs. We submit that the matter of the unpaid costs is between the Clerk of Court and Dovic Fontenot, and neither Alma Smith nor Southern Farm Bureau Casualty Insurance Company have any further liability for costs * * *. [S]he is not prejudiced in any way by the failure of the said Southern Farm Bureau Casualty Insurance Company to pay the entire amount of the costs. If some other person, to-wit, the Clerk of Court is prejudiced, then he not Alma Smith should be the one to proceed against Southern Farm.”
Southern Farm’s draft and release were for the full principal sum due Alma Smith plus legal interest. The amount did not include costs, nor did the release refer to same, and in fact Southern Farm paid one-half of same by separate check paid to the Clerk.
If Southern Farm were contending that the release executed by Alma Smith was intended or could be construed to relieve Southern Farm from liability for court costs otherwise due from it, I strongly doubt that the courts would construe it as *580 having done so. There 'was no dispute as to Southern Farm’s liability for court costs and Alma Smith’s freedom from such liability. An accord and satisfaction is not found to have resulted unless the instrument arises in connection with a dispute between the creditor and the debtor as to the amount due; and there was none here. See Hebert v. D. Frugé Contractor, Inc., La.App. 3 Cir., 192 So.2d 574, rendered this date.
Aside from questions of error and fraud, it seems impossible to me that an instrument executed in connection with the satisfaction of the principal amount and interest due upon a judgment, computed to the penny, would ever be construed as also releasing the judgment debtor from additional sums for which indisputably liable by final judgment having the effect of res judicata; at .least where, as here, there was never any discussion of such intention disclosed to the judgment creditor prior to his execution of a pro forma receipt.
But these questions are actually not before us. In my opinion, therefore, the majority opinion should have contended itself with resting upon the simple basis that the plaintiff Alma Smith, who has been held free of liability for court costs by final judgment, has absolutely no interest in the question of by whom or when the court costs will be paid.
As the majority opinion notes, it is sometimes said that a plaintiff is primarily bound for court costs until the defendant is cast in judgment. These pronouncements are based upon statutory provisions or their predecessor enactments that the plaintiff may be required to pay advance court costs and incurred costs as they accrue and also to furnish security for their payment. See LSA-R.S. 13:842, 843, 4522. These statutes do not of course apply to a pauper plaintiff, who is specifically relieved of this primary responsibility by the in forma pauperis statute. LSA-C.C.P. Arts. 5181-5188 especially 5181, 5185, 5186.
If the suit is compromised or dismissed prior to judgment, the pauper plaintiff may .become liable for court costs LSA-C.C.P. Art. 5187, as also if he is unsuccessful in the litigation and cast with the costs, LSA-C.C.P. Art. 5188. But if the pauper plaintiff does not compromise, dismiss, or lose the suit, then the sole statutory enactment regulating his liability is LSA-C.C.P. Art. 5186.
This code article provides: “An account shall be kept of all costs incurred by a party who has been permitted to litigate without the payment of costs by the public officers to whom these costs would be payable. If judgment is rendered in favor of the indigent party, the party against whom this judgment is rendered shall he condemned to pay all costs due these officersf who have a privilege on the judgment superior to the rights of the indigent party or his attorney." (Italics mine.)
My chief questioning of the majority opinion is that, indirectly and obliquely and probably unintentionally, it clouds the rather clear meaning and application of these unambiguous statutory provisions. Where the plaintiff’s liability for court costs, or Southern Farm’s for that matter, is not actually at issue, it seems to me it would be preferable to rest the basis of our decision upon the simpler basis that Alma Smith has no interest in the payment of court costs since by final judgment she has been held free of liability for them. It is really unnecessary to add also that she could not be liable for court costs on any other basis either, since she executed no bond and since there is no statutory basis for the assessment of court costs against a successful pauper plaintiff held free of such liability by a final court judgment. This concurring opinion does so only in order to clarify dicta in the majority opinion which the writer feels may be misleading or incorrect.
With the qualifications noted, I respectfully concur in my distinguished brethren’s opinion.