LANDRY, Judge.
Plaintiff herein sues for the balance allegedly due on a promissory note executed *881 in its favor by defendants Merlin and Rachel H. Darbonne, husband and wife. The loan was confected by defendants to purchase an automobile which, after defendants had remitted a total of $30.00 on the account, was returned to plaintiff on defendant’s assumption the debt would thereby be cancelled. After trial on the merits, the lower court held the return of the vehicle constituted a valid dation en paiement which extinguished the obligation. From that judgment, plaintiff has appealed. We affirm the judgment rendered below.
The record discloses that Mr. Darbonne, a man of limited business and financial experience, negotiated with one Sam Gau-treaux, proprietor of Sam’s Used Car Lot, Opelousas, Louisiana, on February 20, 1965, for the purchase of a 1956 Ford Station Wagon. A price was agreed upon following which Gautreaux, at defendant’s request, proceeded to assist defendant in financing the proposed purchase. After at least one rejection by another lending agency, Gautreaux contacted plaintiff concern which agreed to discuss .the pending sale. Gautreaux and the Darbonnes then went to plaintiff’s office where the details of the loan were arranged. Defendants executed a chattel mortgage which purported to hypothecate the vehicle and certain described household goods and furniture. As was customary in plaintiff’s business, title papers to the automobile were retained by plaintiff, defendant receiving only the license registration certificate on the vehicle.
After the purchase it became immediately apparent defendant was unable to meet the the monthly payments due on the note. Plaintiff’s collection attempts were unsuccessful primarily because defendant moved to Baton Rouge, Louisiana, shortly after purchasing the vehicle in question.
In May, 1965, plaintiff’s office manager, a Mrs. Wheaton, dispatched a telegram to defendant directing defendant either to pay for the vehicle or return it to plaintiff.
Mr. Darbonne testified that upon receipt of the telegram he contacted Mrs. Wheaton by telephone. According to Darbonne, Mrs. Wheaton again stated that if the vehicle were returned, the debt would be cancelled. He also stated he was instructed to return the vehicle to Sam’s Used Car Lot if it was his election to surrender the car. Finally, Darbonne stated he did return the vehicle the following day. It is undisputed the vehicle was returned and has since been in Gautreaux’ possession. This suit was instituted February 11, 1966, approximately nine months following the return of the automobile.
Plaintiff did not produce- Mrs. Wheaton as a witness. Plaintiff did, however, call Mr. Gautreaux who stated in effect he had no knowledge of the conversation or agreement between defendant and Mrs. Wheaton regarding the terms pursuant to which the vehicle was returned. He stated he believed or thought the car was returned for appraisement and sale.
The trial court found the vehicle was returned by defendant in good faith upon instruction of plaintiff’s said office manager thereby effecting a valid dation en paiement which completely discharged defendants’ obligation under the note.
Appellant makes two basic contentions on this appeal. First, it is argued that as a matter of law no valid dation en paiement could take place herein inasmuch as the debt sued upon was liquidated or undisputed. Alternatively, appellant maintains there was no agreement or intention on its part to accept surrender of the vehicle in payment of the account.
On authority of Mack Trucks, Inc. v. Magee, La.App., 141 So.2d 85, and Mrs. Tucker’s Sales Co. v. Frosted Foods, 68 So.2d 219, appellant considers a dation equated to the common law concept of accord and satisfaction. Therefore, according to appellant, because common law accord and satisfaction requires the existence of a disputed or unliquidated debt as the object of a settlement, no dation was possi *882 ble in the instant case inasmuch as there was no dispute concerning the obligation of defendant herein.
La.C.C. Article 2655 defines a dation en paiement or the giving of an object in extinguishment of a debt as follows:
“Article 2655: The giving in payment is an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due.”
We note the cited article contains no requirement that the object of such a transaction be the cancellation or extin-guishment of a disputed or unliquidated claim. On the' contrary, the clear import of the article is that any debt or obligation, disputed or undisputed, liquidated or un-liquidated, may be extinguished in the manner therein provided.
It does appear that some cases in the jurisprudence seem to support appellant’s contention that the debt in such instances must be disputed. These cases, however, particularly those cited and relied upon by appellant, either preceded or overlooked the decision rendered by our Supreme Court in Succession of Burns, 199 La. 1081, 7 So.2d 359, in which our present Chief Justice, as organ of that court, quotes with approval the following common law reference:
“The contract for the giving of a thing-in payment of an obligation provided for in our Civil Code resembles very closely what is known in the common law as an ‘accord and satisfaction,’ defined in Corpus Juris Secundum as follows:
“ ‘An “accord” is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute, * * * something other than or different from what he is, or considers himself, entitled to; and a “satisfaction” is the execution, or performance, of such an agreement.’ 1 C.J.S., Accord and Satisfaction, p. 462, § 1. To the same effect is 1 Cyc. 307 and 1 C.J. 523, Section 1.” (Emphasis ours.)
We observe that the above quoted citation from Corpus Juris appearing in Succession of Burns, supra, was also referred to in Davis-Wood Lumber Co. v. Farnsworth & Co., 171 So. 622 (Orleans Appeal, 1937), which preceded Succession of Burns, supra. It appears, however, that in Davis-Wood Lumber Co., supra, the cited provision of Corpus Juris is quoted as stating that accord and satisfaction takes place only with respect to debts that are “unliquidated or in dispute.” Succession of Burns, supra, cites the same section of Corpus Juris as holding the principle of accord and satisfaction applies with respect to claims that are “liquidated or in dispute.” Our reading of the quoted source discloses that the term “liquidated or in dispute” is indeed the expression chosen. Mrs. Tucker’s Sales Co. v. Frosted Foods, supra, decided subsequent to Succession of Burns, supra, makes no mention of the Burns case.
Succession of Burns, so far as our research discloses, is the latest expression on the subject emanating from our Supreme Court. We deem it controlling herein. Accordingly, we find the trial court correctly held that as a matter of law a dation en paiement as defined by La.C.C. Article 2655, could take place with regard to a liquidated or undisputed obligation.
We also find the evidence clearly preponderates in favor of the view taken by the trial court that such a compromise or settlement was reached by the parties herein. Both defendants testified it was their understanding, based on conversations with Mrs. Wheaton, that if the automobile were returned the debt would be cancelled. As herein previously stated, Mrs. Wheaton did not testify and Gautreaux’ averments fail to corroborate either plaintiff’s or defendants’ versions of this controversy. Moreover, the fact that defendants heard nothing further from plaintiff for nine months following return of the car lends credence and support to defendants’ testimony.
Nor does defendants’ failure to demand return of the cancelled note upon re *883 turn of the car constitute a decisive factor herein. As did the trial court, we think it clear that Mr. Darbonne, a man of limited business acumen, was not one to whom it might occur that a return of the note was necessary. We also find that defendant acted in good faith on the representation of plaintiff’s agent. Defendant accepted plaintiff’s offer of compromise which became effective upon delivery of the vehicle. A dation en paiement resulted cancelling the obligation herein sued upon.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.