HOOD, Judge.
Plaintiff, Work Clothes Rental Service Company, instituted this suit against Du-pont Manufacturers, Inc., to recover the balance alleged to be due on a contract for the furnishing of work clothes for the defendant’s employees. The trial court rendered judgment in favor of plaintiff, and defendant has appealed.
The issues are whether the indebtedness has been extinguished by accord and satisfaction, and alternatively, whether the defendant is entitled to a substantial credit on the indebtedness for late delivery of work clothes.
Defendant is engaged in manufacturing and construction work, and it employs several persons in that enterprise. Plaintiff is engaged in the business of furnishing work clothes for employees of establishments such as the one operated by plaintiff.
In 1961 the parties entered into an agreement that plaintiff would furnish and deliver to defendant a supply of work clothes for defendant’s employees. The clothes were to be delivered in June of that year, and supposedly enough clothes were furnished to last the employees for one year. The contract was renewed each year thereafter, until and including the year 1970.
In 1969, the parties renewed the contract for the furnishing of work clothes, the agreement being that the clothes would be delivered during the month of June of that year. The clothes were not delivered by plaintiff until August 1, 1969, or about seven weeks after the date on which delivery was due. Defendant has never paid the amount which it obligated itself to pay for these work clothes under that contract. In 1970, the parties renewed the contract for furnishing work clothes, but there is a conflict in the testimony as to the terms of that agreement. Defendant contends that the work clothes were to be furnished in June of that year, as had been customary in prior years. Plaintiff contends that the parties agreed that no work clothes were to be furnished pursuant to the 1970 agreement until defendant’s account was made current. Defendant’s account was not brought up to date in 1970, and no work clothes were furnished to plaintiff that year. The 1970 contract was terminated by mutual agreement in December of that year.
Early in 1971, plaintiff demanded payment of the sum of $575.87, that being the balance alleged to be due it under the 1969 agreement. Defendant refused, contending that it was entitled to some credits on the account. On March 16, 1971, defendant delivered to plaintiff a check for $153.52, as payment in full of the amount due plaintiff under the 1969 contract. Plaintiff has held that check in its possession since that time, but the check has never been presented for payment and it has never been cashed.
This suit was instituted on June 15, 1971, for the sum of $575.87. Plaintiff conceded at the trial that the demand should be reduced by $90.00, because it included some uncollectible finance charges amounting to that sum in defendant’s account. The parties also agreed that defendant was entitled to a credit of $59.50, because of the late delivery of work clothes under the 1969 contract. This last mentioned credit was based on a formula worked out by the parties of allowing 85 ‡ per employee for each of the seven weeks during which the delivery of work clothes was delayed in 1969.
The trial judge concluded that defendant was entitled to credits of $90.00 and $59.50, as above set out, but he rejected defendant’s claim that it is entitled to other credits. Judgment was rendered in favor of plaintiff for $426.37, and defendant has appealed.
*809 At the trial, and on this appeal, defendant contends primarily that plaintiff’s action in holding defendant’s check in the amount of $153.52 for at least eight months constitutes an acceptance of that payment, and that it had the effect of extinguishing defendant’s entire indebtedness to plaintiff under the doctrine of accord and satisfaction.
The Louisiana Civil Code does not provide for the extinguishment of obligations by accord and satisfaction. See LSA-C.C. Art. 2130. The doctrine of accord and satisfaction, however, has been recognized and applied by courts of this state as a form of estoppel. Defendant has not pleaded estoppel, but we will consider the pleadings as having been enlarged in this respect by the joint offering of evidence relative thereto.
Three requirements must be met for an accord and satisfaction. They are: (1) An unliquidated or disputed claim; (2) a tender by the debtor in full settlement of the claim; and (3) acceptance of the tender as full payment by the creditor. Antoine v. Elder Realty Company, 255 So.2d 625 (La.App. 3 Cir. 1971); Pontchartrain Park Homes, Inc. v. Sewerage and Water Board of New Orleans, 246 La. 893, 168 So.2d 595 (1964).
We find, as did the trial judge, that the third requirement for applying the doctrine of accord and satisfation, as above set out, has not been met.
The mere acceptance of a check, absent an agreement to the contrary, does not amount to payment until the check is paid by the drawee. LSA-R.S. 7:189; Lawrence J. Kern, Inc. v. Panos, 177 So. 432 (La.App. 2 Cir. 1937); Wessell Plumbing Co. v. Scriber & Curtis, 16 La.App. 505, 134 So. 336 (La.App. 2 Cir. 1931). Since this check was never cashed or paid, and the evidence does not show a specific agreement that the check was to be accepted as payment, we conclude that it has not been accepted as full payment by the creditor, and that the doctrine of accord and satisfaction thus is not applicable here. There is no merit, therefore, to defendant’s argument that the indebtedness was extinguished by accord and satisfaction.
Defendant contends, alternatively, that it was entitled to a credit of $272.85 for the late delivery of clothes under the 1970 contract. It takes the position that plaintiff was obliged to furnish the work clothes in June, 1970, that delivery of the clothes was never made, and that defendant is entitled to a credit for the delay which extended from June until the contract was terminated in December, 1970. It argues that the credit should be computed according to the formula which was worked out for the 1969 delay, although there had been no specific agreement to that effect. The damages, according to' that formula, would amount to $272.85.
We agree with the trial judge that the agreement to allow a credit on the 1969 contract had no prospective effect. The fact that, by mutual agreement, a credit of 85‡ per employee for each week of the 1969 delay was allowed on the contract executed that year, does not justify a holding that in the contract entered into by the parties the next year there was an implied agreement that credits at the same rate were to be allowed for delays in performing the 1970 contract.
The evidence also convinces us that plaintiff informed defendant in 1970, when the contract was renewed that year, that work clothes would not be furnished pursuant to that contract unless defendant’s account was made current. Plaintiff’s obligation to furnish work clothes thus was made subject to that condition. Since the account has never been brought up to date, plaintiff was never obligated to furnish the work clothes and it cannot be held liable for damages or penalties for failure to furnish them.
We find that defendant is not entitled to the credit which it claims here. The judg *810 ment rendered by the trial court thus is correct.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.