330 So.2d 688 (1976)
JOSEPH A. OSTER & ASSOCIATES, INC.
v.
CAR WASH CENTER AND OWL, INC.
No. 7225.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1976.
*689 James G. Maguire and Robert F. Pitard, New Orleans, for plaintiff-appellee.
Lawrence L. Lagarde, Jr., New Orleans, for defendant-appellant.
Before SAMUEL, STOULIG and BOUTALL, JJ.
SAMUEL, Judge.
Plaintiff filed this suit for investigative services rendered to the defendant under an oral agreement. The petition alleges the value of the services was $3,677.30, $1,250 was paid by the defendant ($500 as an advance and one subsequent payment of $750), and $2,427.30, the amount prayed for, is due. Defendant answered, averring the agreement was for the sum of $1,250, an amount fully paid by it, and reconvened for the return of the $750 payment on the ground the services rendered by plaintiff became worthless.
Following trial there was judgment awarding plaintiff the sum of $2,427.30 as prayed and dismissing the reconventional demand. Defendant has appealed.
The basic facts are not in dispute. Joseph A. Oster, president of the plaintiff corporation, contacted Joseph Maselli, general manager of the defendant corporation, and informed Maselli that some of the defendant's employees were systematically stealing from the defendant. Oster proposed to conduct a full scale investigation. Maselli authorized the investigation and gave Oster an initial payment or advance of $500. It was understood the full cost of the investigation would depend upon the amount of work required as shown by the evidence uncovered as the investigation progressed.
Maselli testified he instructed Oster not to allow costs to exceed $700 without his express authority. Oster denies this. The final bill showed a balance of $3,177.30, $3,677.30 less the advance of $500. Maselli refused to pay on the ground that Oster had not obtained his authority to exceed the agreement limit to which he had testified. Thereafter, the two men had frequent conferences which culminated in an agreement to compromise and settle the indebtedness for the sum of $1,250. Following the compromise agreement, the defendant paid an additional $750. According to Maselli, that additional $750 payment, together with the $500 advance, extinguished the indebtedness under the agreement.
Some of the evidentiary facts contained in the immediately preceding paragraph appear in the record only in connection with a proffer made by the defendant. The answer did not allege the affirmative defense of extinguishment of the obligation, as required by C.C.P. Art. 1005, and, accordingly, the defendant was prevented from offering evidence regarding extinguishment. On two occasions subsequent to the filing of its answer defendant attempted *690 to supplement its answer to affirmatively plead that defense. On both occasions the trial court refused to allow such an amendment but did permit the defendant to proffer its evidence regarding extinguishment of the obligation so that the same would be available for this court's consideration. Plaintiff offered evidence in rebuttal to the proffer.
In this court appellant contends: (1) plaintiff failed to prove the price of the contract; (2) appellant is entitled to the return of the $750 payment as prayed in its reconventional demand; and (3) the trial court erred in refusing to permit it to amend its answer to assert the affirmative defense of extinguishment of the obligation.
We find no merit in the first contention. The record contains sufficient proof of the fact that plaintiff actually performed the work and rendered the services reflected in its final bill; the defendant made no objection as the work progressed even though it appears it reasonably should have known the cost would exceed $700; and it appears the trial judge believed Oster and not Maselli on the question of whether or not Maselli instructed Oster not to allow costs to exceed $700 without Maselli's express authority.
Nor do we agree with the second contention. It is based solely upon the fact that some actions by the plaintiff made it necessary to dismiss criminal charges against all of the defendant's employees who were arrested and charged as a result of the investigation. We find no evidence in the record showing that payment for services rendered was contingent upon arrests made or convictions obtained. Substantial services were rendered and fully itemized. The reconventional demand was properly dismissed.
The third contention, relative to amendment of the answer, is more difficult. The case had been set and continued on three occasions between January 12, 1973 and May 23, 1974, the latter being the date the trial was commenced. During the course of that day's trial, on timely objection made, the court refused to allow the defendant to amend its answer to include the affirmative defense of extinguishment. After the first day of trial the matter was continued as an open case on three occasions. Three days before the second day of trial, October 25, 1974, the defendant attempted to file a written amendment which included the affirmative defense. The trial court declined to change its original ruling insofar as the second attempted amendment was concerned but, as has been pointed out, did permit the defendant to go forward with its proffer.
In connection with the proffer, Maselli testified: He discussed the bill with Oster and they agreed to compromise the matter for $1,250. He then phoned his attorney to obtain instructions as to what words he should put on the back of the check to prevent the plaintiff from claiming additional money at a later date. Thereafter, he sent plaintiff a defendant check payable to "Joseph A. Oster & Associates" in the amount of $750. The check, which is in the record, is dated July 12, 1972 and contains the following words on the back: "Accepted in compromise and settlement, and as payment in full for all services rendered." Plaintiff's endorsement[1] appears under that wording on the back of the check. The bank notation on the check shows it was credited to plaintiff's account on July 20, 1972.
In rebuttal restricted by the plaintiff and the court to the defendant's proffer evidence,[2] Oster testified: At the completion of the work on June 30, 1972, he gave Maselli an itemized bill for $3,677.30, subject to a credit of $500 (the advance payment), leaving a total due of $3,177.30. Thereafter, as a result of complaints about *691 the price, he and Maselli had several conferences. Oster finally agreed to settle the claim for his actual costs, $1,250. As we read his testimony, he did not include the $500 advance payment as being any part of the $1,250 compromise settlement; rather, his understanding of that agreement was that the $1,250 was in addition to the $500 advance. On July 12, 1972 Maselli gave him a check for $750, as above described. He then had a telephone conversation with Maselli in which he informed the defendant's manager this was not their agreement and on July 19, 1972 wrote Maselli a letter asking for the additional $500. He then endorsed the check and deposited it to the plaintiff's account.
Under our jurisprudence three requirements must be met for an accord and satisfaction which extinguishes the debt. They are: (1) an unliquidated or disputed claim; (2) a tender by the debtor; and (3) an acceptance of the tender by the creditor.[3] On the record now before us in the instant case, the doctrine of accord and satisfaction appears to be applicable.[4] As indicated by the proffered evidence and rebuttal thereto, there was a disputed claim, a compromise of that claim, a tender by the defendant-debtor and, apparently, a sufficiently unqualified acceptance of the tender by the plaintiffcreditor.[5]
Under C.C.P. Art. 1151[6] and the jurisprudence,[7] when there is no written consent by the adverse party, it is within the sound discretion of the trial court to permit or refuse to permit an amendment to the petition or answer after answer has been filed. Here, we do not find the trial court abused its discretion in refusing to permit the requested amendment to the answer. Clearly, the trial court did not abuse its discretion in denying the first request which was made orally during the course of the first day's trial. To allow the amendment at that time would have unduly delayed a trial already continued on three occasions. For the same reason, we do not find an abuse of discretion in the denial of the second request, made by written motion only three days before October 25, 1975, the second and final day of trial. At the end of the first day of trial, May 23, 1974, the matter was continued as an open case to May 31, 1974. Thereafter, it was continued to June 14, 1974, and continued again to October 25, 1974, at which time it was finally tried and submitted. Thus, there was ample time, certainly between June 14, 1974 and October 25, 1974, in which to request permission to file the amendment without delaying the trial.
Because of our conclusion that the trial court did not abuse its discretion in refusing to permit the amendment, our consideration of the proffer is limited to a determination of the correctness of the court's refusal to admit evidence (subsequently contained in the proffer) relative *692 to compromise and accord and satisfaction. If we were of the opinion that refusal was incorrect, and if we were of the further opinion the evidence sought to be offered would change the result, we would either remand or come to the conclusion indicated after consideration of the proffered evidence and rebuttal thereto. However, in the absence of the requested amendment, upon proper and timely objection the evidence could not be received because compromise and accord and satisfaction had not been pleaded. Thus, as we have found it was within the trial court's discretion to refuse the requested amendment, admission of evidence relative to compromise and accord and satisfaction was correctly denied and such proffered evidence cannot be considered by either the trial court or by this court.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] "For Deposit

Joseph A. Oster & Associates"
[2] We simply recite facts as shown by the record.
[3] See LSA-C.C. Art. 3071; Fuss v. Cordeleria De San Juan, S.A., 224 La. 338, 69 So.2d 365; Succession of Burgess, La.App., 323 So. 2d 914; Young v. White Stores, Inc., La.App., 269 So.2d 266; Work Clothes Rental Serv. Co. v. Dupont Mfrs., Inc., La.App., 262 So.2d 807; Schrewe v. Scott Manufacturing Corporation, La.App., 258 So.2d 668; Peter A. Chopin, Inc. v. D'Antoni, La.App., 123 So. 2d 669.
[4] See Charles X. Miller, Inc. v. Oak Builders, Inc., La.App., 306 So.2d 449.
[5] See Charles X. Miller, Inc. v. Oak Builders, Inc., footnote 4.
[6] In pertinent part LSA-C.C.P. Art. 1151 provides:

"A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party." (Emphasis ours).
[7] See Breaux v. Winnebago Industries, Inc., La.App., 282 So.2d 763; Brooks v. Fondren, La.App., 199 So.2d 588; Wallace v. Hanover Insurance Company of New York, La.App., 164 So.2d 111.