# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

* * * * * * *

2019 CA 0072

DONALD FORET, JR.

VERSUS

NEIL J. DAIGLE

JUDGMENT RENDERED: ___**JAN 1 0 2020**___

* * * * * * *

Appealed from the
Twenty-Third Judicial District Court
In and for the Parish of Assumption • State of Louisiana
Docket Number 36,487 • Division "B"

The Honorable Thomas J. Kliebert, Judge Presiding

* * * * * * *

Barbara L. Irwin
Timothy E. Pujol
Matthew W. Pryor
Gonzales, Louisiana

ATTORNEYS FOR APPELLANT/APPELLEE,
DEFENDANT/PLAINTIFF-IN-RECONVENTION:
Neil J. Daigle


Amos Justin Cormier, III
Belle Chasse, Louisiana

Kenneth J. Dupaty
Gonzales, Louisiana

ATTORNEYS FOR APPELLANTS/APPELLEES,
PLAINTIFFS/DEFENDANTS-IN-
RECONVENTION: Donald Foret, Jr. and
Sandra Maxey Foret


Sidney A. Marchand, III
Donaldsonville, Louisiana

ATTORNEY FOR APPELLEE,
DEFENDANT-IN-RECONVENTION:
Lawrence Gros

* * * * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**WELCH, J.**

In this breach of contract suit on a lease with an option to purchase, the lessee filed a reconventional demand against the lessors for breach of contract; temporary restraining order; injunctive relief; and damages for unlawful eviction. The lessee also raised a Louisiana Unfair Trade Practices Act ("LUTPA") violation claim. Following a trial on the merits of the lessee's reconventional demand for damages for unlawful eviction, the trial court found in favor of the lessee and against one of the lessors, awarding $7,500.00 in damages and $5,000.00 in attorney's fees. The lessee now appeals the amount of damages awarded as well as the trial court's failure to find a violation of LUTPA. The lessor also appeals, arguing that he did not unlawfully evict the lessee because he had grounds to dissolve the lease. For the following reasons, we dismiss the appeals for lack of appellate jurisdiction.

## FACTS AND PROCEDURAL HISTORY

On August 30, 2017, with the intent to operate a bar and restaurant, Neil J. Daigle, the owner of Sparky's Bar & Grill,[1] entered into a lease with Donald Foret, Jr., Sandra Maxey Foret, and the intervenor Lawrence Gros,[2] for the immovable property located at 2666 and 2670 Highway 1, Labadieville, Louisiana. The lease was for a term of two years—from September 1, 2017, through August 31, 2019— with an option to purchase the property prior to the expiration of the term. The lease was later recorded in the conveyance books of Assumption Parish.[3]

---

[1] Mr. Daigle purchased the rights to Daiquiri's Labadie, L.L.C. from the Forets based on Mr. Foret's assertion that in order to obtain a liquor license to operate a bar on the premises, Mr. Daigle would have to purchase the company to be "grandfathered-in" to ownership of the existing liquor license.

[2] Mr. Gros was the Forets' mortgagee. As an intervenor to the lease, Mr. Gros received lease payments directly from Mr. Daigle in accordance with the terms of the agreement.

[3] See COB 363, Page 738, File No. 266659 (recorded Jan. 8, 2018).

2

During September and October 2017, Mr. Daigle contacted Mr. Foret and requested that he make repairs to the roof and the flooring of the premises; however, Mr. Foret did not make any of the requested repairs.[4] In October 2017, Mr. Daigle ceased operation of his bar and restaurant pending the requested repairs due to concerns regarding his employees' safety.[5] In accordance with the lease, Mr. Daigle continued to pay rent to Mr. Gros and maintained possession of the premises, including maintaining equipment and inventory on site.

In November 2017, a member of the community, Blake Naquin, noticed the leased property appeared to be abandoned, so he contacted Mr. Foret to express his interest in purchasing the property with the intent to operate a bar. Mr. Foret told Mr. Naquin that he was in the "process of evicting somebody" and agreed to sell the property to Mr. Naquin. On December 5, 2017, Mr. Naquin registered a limited liability company under the name of Shug's Bar, L.L.C., with the business address listed as 2666 Highway 1, Labadieville, Louisiana—the same address as Mr. Daigle's bar and restaurant, Sparky's Bar & Grill.

Three months from the beginning of the two-year lease with Mr. Daigle, Mr. Foret initiated this litigation against Mr. Daigle on December 7, 2017, by filing a petition for breach of contract; default on lease agreement; to enforce purchase

---

[4] The section titled "**REPAIRS, MAINTENANCE[,] AND SERVICES**" of the lease provided:

> LESSEE agrees to keep the premises in good condition during the term of the lease at LESSEE's expense and to return them to LESSOR in the same condition at the termination of the lease, normal decay, wear and tear excepted. LESSOR's obligation shall be limited to necessary repairs of all exterior structural portions of the premises, including the roof, exterior walls, foundation, and repairs to plumbing, HVAC[,] and electrical systems in excess of $2,000.00, and only to the extent that the repairs do not arise out of the negligence of LESSEE or LESSEE's agents, employees[,] or licensees. LESSEE agrees to be responsible for the remainder of the premises, including all interior and exterior maintenance. **Any necessary repairs made by LESSEE shall be credited toward the purchase price.**

Furthermore, La. C.C. art. 2691 provides that "[d]uring the lease, the lessor is bound to make all repairs that become necessary to maintain the thing in a condition suitable for the purpose for which it was leased, except those for which the lessee is responsible."

[5] The lease did not require Mr. Daigle to maintain the operation of any business on the premises.

3

agreement; and injunctive relief. Five days later, on December 12, 2017, Mr. Foret entered the property, changed the locks and password for the security system, and allegedly converted all of the equipment and inventory belonging to Mr. Daigle that remained on site. However, no eviction proceedings had been instituted against Mr. Daigle.

In January 2018, Mr. Foret and Mr. Naquin signed a purchase agreement to initiate the banking loan process for the sale of the property. That same month, Mr. Foret, Mr. Naquin, and Mr. Gros appeared before the Assumption Parish Police Jury to obtain a liquor license for Mr. Naquin's business, Shug's Bar, L.L.C. Mr. Naquin misrepresented on his liquor license application that he was the owner or lessee of the property at issue at the time of application.

On January 5, 2018, Mr. Daigle filed an answer and a reconventional demand for breach of contract; temporary restraining order; injunctive relief; and damages against Mr. Foret, Mrs. Foret, and Acadian Monitoring Services, L.L.C.[6] Mr. Daigle later supplemented and amended his reconventional demand, adding Mr. Gros as a defendant-in-reconvention. Mr. Daigle alleged unlawful eviction and sought the return of the premises in accordance with the lease.[7]

At a hearing on March 19, 2018, the trial court granted Mr. Daigle's reconventional demand for preliminary injunctive relief against the Forets and Mr. Gros. Prior to that hearing, a *dation en paiement* was confected on March 7, 2018, whereby Mr. Foret gave ownership of the property at issue to his mortgagee, Mr. Gros, in return for extinguishment of the mortgage.[8] At the March 19th hearing,

---

[6] The trial court dismissed all of Mr. Daigle's claims against Acadian Monitoring Services, L.L.C. in a judgment signed on April 30, 2018.

[7] The trial court entered a preliminary default against the Forets and Mr. Gros on May 14, 2018, for their failure to answer Mr. Daigle's original and amended reconventional demand.

[8] See La. C.C. art. 2655 ("Giving in payment is a contract whereby an obligor gives a thing to the obligee, who accepts it in payment of a debt."), and **St. Landry Credit Plan, Inc. v. Darbonne**, 221 So. 2d 880, 882 (La. App. 1st Cir. 1969).

4

Mr. Daigle was unaware that the *dation en paiement* had occurred. Thereafter, in a judgment signed on April 9, 2018, the trial court issued a preliminary injunction against the Forets and Mr. Gros, prohibiting them from interfering with Mr. Daigle's possession of the premises and granting Mr. Daigle the right to possess and use the premises in accordance with the lease. The judgment also ordered Mr. Daigle to submit a $10,000.00 bond to the Clerk of Court, and ordered all other matters reserved for trial.

After the preliminary injunction issued, the Forets and Mr. Gros refused to relinquish possession of the premises; Mr. Daigle responded by filing a motion for contempt. Following a hearing on June 18, 2018, the trial court granted the motion for contempt, finding Mr. Foret and Mr. Gros in contempt of court, and awarding Mr. Daigle $500.00 in attorney's fees.

Thereafter, a trial was held on June 22, 2018, on the merits of Mr. Daigle's reconventional demand for damages for unlawful eviction. During trial, Mr. Foret testified that he and Mr. Daigle had orally agreed to terminate the lease on October 30, 2017. At the conclusion of trial, the trial court left the matter open for thirty days for the submission of the testimony of Mr. Daigle's attorney, Woody Falgoust, regarding whether Mr. Daigle and Mr. Foret orally agreed to terminate the lease.

Mr. Falgoust was then deposed on September 12, 2018, and Mr. Foret filed a motion for new trial in order for the court to enter Mr. Falgoust's testimony into evidence, which the trial court set for a hearing on September 17, 2018. At that hearing, the trial court granted Mr. Foret's motion for new trial, entered Mr. Falgoust's deposition into evidence, determined that there was never an agreement between the parties to terminate the lease, and took the matter under advisement.

Thereafter, the trial court rendered judgment on October 19, 2018, in favor of Mr. Daigle on his unlawful eviction claim and against Mr. Foret, finding Mr.

Foret liable to Mr. Daigle for damages in the amount of $7,500.00, and attorney's fees in the amount of $5,000.00.

Mr. Daigle now appeals the trial court's October 19, 2018 judgment. He contests the amount of damages and attorney's fees the trial court awarded on his successful unlawful eviction claim, arguing that he should have received a higher award. Mr. Daigle also contends he is entitled to an award of treble damages based on a LUTPA violation. Mr. Daigle further claims the trial court erred by failing to render judgment against one of the other defendants-in-reconvention, Mr. Gros.

Mr. Foret also appeals the trial court's October 19, 2018 judgment. He contends the trial court misapplied the law to Mr. Daigle's reconventional demand, and due to that misapplication, he argues that the trial court limited the trial on the merits of Mr. Daigle's reconventional demand to damages instead of reaching the issue of whether the Forets and Mr. Gros had grounds to dissolve the lease. Mr. Foret also argues that the trial court correctly found that LUTPA does not apply to the facts of this case.

## APPELLATE JURISDICTION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue, and we are obligated to recognize any lack of jurisdiction if it exists. **Qualify Envtl. Processes, Inc. v. Energy Dev. Corp.**, 2016-0171 (La. App. 1st Cir. 4/12/17), 218 So. 3d 1045, 1052-53. Our appellate jurisdiction extends to "final judgments," which are those that determine the merits in whole or in part.[9] See La. C.C.P. arts. 1841, 1911, 1915, and 2083; **Quality Envtl. Processes**, 218 So. 3d at 1053.

---

[9] The Louisiana Code of Civil Procedure defines three types of judgments: an interlocutory judgment, which determines a preliminary matter in the course of an action, but does not determine the merits (see La. C.C.P. art. 1841); a final judgment, which determines the merits of the case in whole or in part (see La. C.C.P. art. 1841); and a partial final judgment, which disposes of some, but not all, of the issues on the merits, and in *some* instances requires a designation of finality by the trial court (see La. C.C.P. art. 1915). Different rules govern the

Louisiana Code of Civil Procedure article 1915 authorizes a trial court to render a partial final judgment even though the judgment does not grant the successful parties all of the relief prayed for or does not adjudicate all of the issues in the case. Paragraph A of La. C.C.P. art. 1915 sets forth six circumstances under which a trial court may render a partial final judgment. Specifically, La. C.C.P. art. 1915(A)(4) provides that a final judgment may be rendered and signed by the court on either the principal or incidental demand, when the two have been tried separately, as provided by La. C.C.P. art. 1038.[10]

In the instant matter, Mr. Daigle's reconventional demand raised claims against Mr. Foret, Mrs. Foret, Mr. Gros, and Acadian Monitoring Services, L.L.C. The reconventional demand was tried separately from the principal demand in accordance with La. C.C.P. art. 1038. Prior to the trial on the reconventional demand, the trial court dismissed all of Mr. Daigle's claims in reconvention against Acadian Monitoring Services, L.L.C. Thereafter, the trial court rendered judgment on October 19, 2018 on the merits of Mr. Daigle's reconventional demand (in accordance with La. C.C.P. arts. 1038 and 1915(A)(4)), in favor of Mr. Daigle and against Mr. Foret, finding Mr. Foret liable to Mr. Daigle for damages in the amount of $7,500.00, and attorney's fees in the amount of $5,000.00. The October 19, 2018 judgment, however, did not dispose entirely of Mr. Daigle's reconventional demand because the trial court has not rendered judgment nor

---

appealability of these three types of judgments. See La. C.C.P. arts. 1911, 1915(B), 2083(A), and 2083(C).

[10] Louisiana Code of Civil Procedure article 1038 provides:

> The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.
>
> When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon. When in the interests of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other.

dismissed Mr. Daigle's claims in reconvention against Mrs. Foret or Mr. Gros.[11] Therefore, because the October 19, 2018 judgment was rendered as to less than all of the claims raised against the defendants named by Mr. Daigle in his reconventional demand, it is a partial final judgment under La. C.C.P. art. 1915(B)(1) and requires a certification by the trial court designating it as a final judgment after the trial court's express determination that there is no just reason for delay. Absent that certification, our jurisdiction does not extend to any appeal of this judgment. See **Jackson v. Ace Am. Ins. Co.**, 2017-1549 (La. App. 1st Cir. 9/21/18), 2018 WL 4562134, at *7 (*unpublished*).

The trial court did not designate the October 19, 2018 judgment as final for purposes of immediate appeal, nor did it make a determination that there was no just reason for delay. Therefore, the judgment is not a final judgment for purposes of immediate appeal. See La. C.C.P. art. 1915(B)(2). Consequently, this court lacks appellate jurisdiction to consider the present appeals.[12] See, *e.g.*, **Succession of Jaga**, 2016-1291 (La. App. 1st Cir. 9/15/17), 227 So. 3d 325, 328.

## DECREE

For the foregoing reasons, these appeals are dismissed for lack of subject matter jurisdiction. The matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed equally among the parties.

**APPEALS DISMISSED; REMANDED.**

---

[11] Mr. Daigle even argues on appeal that the trial court erred by failing to render judgment against Mr. Gros, who is a named defendant-in-reconvention.

[12] Under La. Const. art. V, § 10(A), a court of appeal has "supervisory jurisdiction over cases which arise within its circuit." The decision to convert an appeal to an application for supervisory writs is within the broad discretion of the appellate courts. **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So. 2d 34, 39. Generally, appellate courts have exercised this discretion where the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4-3. See **Roba, Inc. v. Courtney**, 2009-0509 (La. App. 1st Cir. 8/10/10), 47 So. 3d 509, 514 n.12, and La. C.C.P. art. 1914(D). Based on the record, we decline to exercise our discretion and convert the appeals into applications for supervisory writs. See Uniform Rules—Courts of Appeal, Rule 4-3, and La. C.C.P. art. 1914(D).

8