BOUTALL, Judge.
This appeal arises from a claim by the named beneficiary for life insurance proceeds. From a judgment in favor of the defendant life insurance company, the plaintiff has appealed. We affirm.
The decedent was a thirty-year old woman, Debra Doerr Russell. On June 17,1982 she completed an application for a $25,000 whole life insurance policy with an accidental death benefit of $25,000 and named her roommates, Gail and Faith Snowden as primary and alternate beneficiaries, respectively. At the time of making application she gave to the agent her personal check for $49.00 representing the first two months’ premiums. The check was promptly presented for payment but dishonored for insufficient funds by Metairie Bank and Trust Company on June 21, 1982 and again on June 25, 1982. Ms. Russell drowned on June 26, 1982. Gail Snowden demanded payment of the proceeds shortly thereafter and the company refused on grounds that the premium had not been paid and no policy had been issued.
Ms. Snowden filed suit and following a trial on the merits judgment was rendered, dismissing her suit and finding that “no insurance policy was issued or made viable by the payment of the initial premium with a dishonored check.”
The plaintiff’s claim is based on a receipt issued to Ms. Russell which, in pertinent part, states:
“If the minimum premium deposit is paid on the date the attached application to United of Omaha Life Insurance Company ... is signed ..., then the policy applied for will be in effect from that date, subject to:
[[Image here]]
TERMINATION OF COVERAGE — The coverage will end on the earliest date an event listed below occurs.
1. We mail a refund of the premium deposit to the applicant.
2. We mail a special risk class notice or rejection notice to the applicant.
3. The applicant does not pay any premium due at the time of delivery of the policy.
4. The applicant refuses to accept the policy offered.
5. The 75th day after the date the application is signed, unless by that date a policy has already been delivered and accepted.”
The issue before us is whether, under the terms of the receipt, the dishonored check constituted payment, so that coverage was in effect.
The case of Oxner v. Union National Life Insurance Company, 289 So.2d 229 (La.App. 1st Cir.1973), writ refused 292 So.2d 243 (La.1974), is cited by both parties and states, at 231:
“It is generally true that the acceptance of a check does not amount to payment of the obligation for which it is given until it is paid by the drawee, unless there is an agreement to the contrary.. R.S. 7:189; Work Clothes Rental Serv. Co. v. Dupont Mfrs., Inc., 262 So.2d 807 (La.App. 3 Cir.1972).”
The plaintiff calls attention to the following provisions in the “Life Agreements Section” of the policy:
“2. If the minimum premium deposit is paid on the date the application is signed, then the policy applied for will be in effect from that date, subject to: (a) the terms of the attached Receipt; (b) the terms of the policy, including the suicide exclu *733 sion; and (c) United’s right to rescind the policy. A minimum premium deposit is an amount equal to the full premium for the mode chosen on the application, at standard rates, on the policy applied for.
“3. If the minimum premium deposit is not paid, or if an allotment is not registered, as provided in no. 2, then no insurance will be in effect unless: (a) during the lifetime of each person proposed for insurance, a policy is delivered and accepted and the entire first premium is paid; and (b) at the time of either delivery and acceptance or payment, whichever is later, all answers in this application are still true and complete to the best of my knowledge.”
He argues that these provisions constitute “an agreement to the contrary.” We are unable to detect in the policy provisions any suggestion of an agreement that a dishonored check was equivalent to payment of the minimum premium deposit. Under provision (3) the insurance was clearly not in effect, as payment had not been made and the policy had not been delivered. The agent who received Ms. Russell’s check and application and issued the receipt testified by deposition that according to company policy a NSF check terminates a policy immediately, but in this case a policy had not been issued. There is nothing in his testimony to suggest an arrangement between Ms. Russell and himself concerning payment of the initial premium.
The Oxner case involved the issue of whether a life insurance policy was in effect when the check for the first premium installment was dishonored and the insured died shortly afterward. The court found in favor of the plaintiff, but not because of an agreement modifying the requirement of a valid payment, as suggested by the appellant in our case. The Oxner holding was based instead on the company’s failure to present the first installment check timely, bringing into play a grace period, and its subsequent failure to send written notice before lapsing the policy. That policy had been issued and delivered, unlike the policy in our case, and the company was thus required by LSA-R.S. 22:177 to issue a written notice of lapse.
Having determined that payment of premium had not been made, that by the terms of the insurance application and receipt for the applicant’s check the life insurance coverage was not in effect, and that no policy was issued, we agree with the decision of the trial court. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.