476 So.2d 1098 (1985)
Pierre SOILEAU, Plaintiff-Appellant,
v.
LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellee.
No. 84-680.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Christopher B. Fruge, Ville Platte, for defendant-appellee.
Before GUIDRY, LABORDE and KING, JJ.
GUIDRY, Judge.
Plaintiff, Pierre Soileau, was involved in an automobile accident on October 13, 1983. As a result of this accident, Soileau's 1982 GMC pickup truck was damaged. On January 4, 1984, Soileau filed suit against Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau) alleging that Farm Bureau provided collision coverage *1099 on his truck at the time of the accident and was therefore liable for his loss. Plaintiff also sought penalties and attorney's fees. Farm Bureau answered the suit denying coverage of the vehicle on the date of the accident. Farm Bureau alleged that coverage had ended on October 7, 1983.
At trial, the following facts were adduced. Farm Bureau policy # A222880 was issued to Soileau providing collision coverage on his pickup truck and by its terms was to remain in effect until October 7, 1983. On September 19, 1983, Farm Bureau mailed plaintiff a premium notice indicating that they were willing to renew the insurance policy if plaintiff paid the premium, which amounted to $185.75, on or before October 19, 1983. On October 13th, plaintiff's truck was damaged. On October 17th, Farm Bureau received check # 139 from plaintiff drawn on the American Security Bank of Ville Platte in the amount of $255.97.[1] The check was presented for payment at the drawee bank but was dishonored by the drawee bank because of insufficient funds in the drawer's account. On November 7, 1983, Farm Bureau sent plaintiff a letter informing him that his policy was cancelled effective 12:01 a.m. October 7, 1983 in view of his failure to pay the premium.
The trial court rendered judgment in favor of Farm Bureau dismissing plaintiff's suit. The trial court determined that policy # A222880 was no longer in effect at the time of the accident. Plaintiff appeals the judgment of the lower court.
On appeal, plaintiff argues that Farm Bureau's attempted cancellation of the policy on November 7, 1983, twenty-five days after his loss, was ineffective. Additionally, plaintiff argues that he had until October 19, 1983, six days after the accident, to renew the policy and thus was insured at the time of the accident.
At the outset, we find plaintiff's argument relating to the effectiveness of the cancellation by Farm Bureau to be without merit. The question of cancellation is irrelevant to a proper resolution of this case. The policy, by its terms, was to remain in effect until October 7, 1983. By letter dated September 19, 1983, Farm Bureau manifested to plaintiff a willingness to renew his policy. Plaintiff was given the option of continuing or terminating coverage. At that point, Farm Bureau was obligated to renew only on condition that plaintiff indicated he desired to renew the coverage and made payment of the premium on or before October 19, 1983. See Ray v. Associated Indemnity Corporation, 373 So.2d 166 (La.1979); La.R.S. 22:636.1. It is well settled that a draft or check is conditional payment and when honored on presentment constitutes payment as of the date received. Sales Purchase Corporation v. Puckett, 417 So.2d 137 (La. App. 2d Cir.1982), writ denied, 421 So.2d 250 (La.1982). Plaintiff's failure to make timely payment caused the policy to lapse by its own terms. Admittedly, the premium notice sent to plaintiff by Farm Bureau did allow plaintiff to make payment beyond the effective date of the policy. However, we do not find that this notice can act so as to extend the term of the policy. Instead, we find that had plaintiff paid the premium by October 19th, coverage would have dated back to October 7th. However, when plaintiff failed to pay the premium by October 19, 1983, coverage lapsed as of October 7, 1983. Thus, we conclude that plaintiff's loss was not covered.
Accordingly, the judgment of the trial court is affirmed at plaintiff's costs.
AFFIRMED.
NOTES
[1] Apparently this check was issued in payment of the premium due on policy # A222880 as well as on another policy not at issue in this case.