550 So.2d 385 (1989)
James PRADOS, Plaintiff-Appellee/Appellant,
v.
Murray REYNAUD, Defendant,
Safeway Insurance Company, Defendant-Appellant/Appellee,
Safeco Insurance Company, Defendant-Appellee.
No. 88-632.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1989.
*386 Thomas Dejean, Opelousas, John W. Penny, Jr., Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, for defendant-appellant/appellee.
Gina Tuttle, Guglielmo, Lopez & Tuttle, Opelousas, for defendant-appellee.
Before DOMENGEAUX, FORET and KING, JJ.
DOMENGEAUX, Judge.
This tort action arose from an automobile accident which occurred on June 26, 1986, in St. Landry Parish. Plaintiff, James Prados, was sitting in the passenger seat of a parked St. Landry Parish Sheriff's Department van when it was hit by a car owned and operated by defendant, Murray Reynaud. As a result of this accident, Prados filed suit against Reynaud and his own uninsured motorist insurer, Safeco Insurance Co. Prados later added as a defendant Safeway Insurance Co., Reynaud's alleged liability insurer. Reynaud was not served and made no appearance.
After a jury trial, judgment was rendered in favor of Prados, and general damages of $5,000.00 were awarded. The jury specifically found that the Safeway policy issued to Reynaud did provide coverage for this accident. Accordingly, judgment was rendered solely against Safeway and Safeco was dismissed from suit.
Both Prados and Safeway have appealed. Safeway contends that it did not provide coverage to Reynaud at the time of the accident, and Prados appeals the amount of damages awarded by the trial court. Safeco opposes both appeals. Finding no manifest error in the jury verdict, we affirm.

I. COVERAGE
Prior to June 26, 1986, Reynaud obtained $10,000.00 of automobile liability insurance in the form of monthly policies from Safeway. The initial policy was issued on March 10, 1986, and subsequent renewal certificates provided coverage at least *387 through June 14, 1986. During the monthly term of May 14, 1986, to June 14, 1986, Safeway forwarded to Reynaud a renewal premium notice requesting payment by May 30, 1986, in order to extend coverage for another monthly term beyond June 14, 1986. No premium was received by May 30, 1986 and Safeway, in compliance with La.R.S. 22:636.1, mailed a cancellation notice on June 4, 1986, notifying Reynaud that his coverage would cease on June 14, 1986.
In response to the cancellation notice, Reynaud forwarded a check dated June 9, 1986 to Safeway, and in reliance thereon, Safeway issued a renewal certificate purporting to provide coverage for the monthly period extending June 14, 1986 to July 14, 1986. The automobile accident involving James Prados occurred on June 26, 1986. Two days later, on June 28, 1986, Reynaud forwarded to Safeway a $62.00 money order, the amount of his monthly premium. Safeway then issued to Reynaud a renewal certificate for the period July 14, 1986 to August 14, 1986.
In the meantime, Reynaud's June 9, 1986 check to Safeway was dishonored by his bank. Safeway learned of this on July 3, 1986. As a result, Safeway retroactively cancelled coverage effective June 14, 1986 and reinstated coverage effective June 29, 1986, which was the date following the postmark on the envelope containing the money order. Safeway then denied coverage for the accident of June 26, 1986.
Although named as a defendant, Murray Reynaud made no appearance, was not called to testify, and was never deposed. The jury was presented with no evidence as to Reynaud's intent upon sending the money order to Safeway. The jury apparently relied on the chronology of events when it found the Safeway policy provided coverage at the time of the accident. We must decide whether the jury determination was clearly wrong.
La. R.S. 22:636.1 provides for the notice of cancellation of automobile liability policies in the event that a premium has not been paid. Notice of such cancellation is required in order to "make known to the insured that his policy is being terminated and to afford him sufficient time to obtain other insurance protection." Broadway v. All-Star Insurance Corp., 285 So.2d 536 (La.1973).
An insurer claiming that a policy has been cancelled carries the burden of presenting facts which constitute positive and unequivocal proof of understanding that the policy was cancelled. Wallen v. Simpson, 518 So.2d 1144 (La.App. 4th Cir. 1988), writ denied, 523 So.2d 214 (La.1988).
In the case at bar, the insured paid his premium by check and was issued a renewal certificate. When he learned that his premium check was dishonored, he submitted a money order as replacement funds for the dishonored check. His actions indicate an intent to avoid any lapse in coverage as a result of the dishonored check. Indeed, his efforts did prevent the insurer from suffering any loss whatsoever; for the insurer received the money order before it received notification of the dishonored check. These facts do not positively and unequivocally prove that the insured understood his policy was cancelled.
Furthermore, the accident with James Prados occurred before Safeway learned of the dishonored check. The insurer had already manifested its intent to provide coverage for the accident. The rights of the insured against the insurer "were vested upon the occurrence of the loss and could not be unvested by later events." Ivy v. American Road Insurance Co., 409 So.2d 549 (La.1982).
While we agree with the well founded jurisprudential conditional payment rule as described by Safeway,[1] we decline to apply the rule to the peculiar fact situation before us. Because the insured made his check good, via money order, before the insurer ever knew it was bad, *388 we believe that any potential lapse in coverage was prevented.
The facts presented herein raise questions never before addressed by this Court. Safeway urges us to rely on a prior decision of this Court, Soileau v. Louisiana Farm Bureau Casualty Insurance Co., 476 So.2d 1098 (La.App. 3rd Cir.1985), in which an insured's premium check was mailed after the expiration of the previous term of coverage. The check was dishonored, and coverage was denied for an accident which occurred between the expiration of the policy and the mailing of the ultimately dishonored check. Judgment in favor of the insurer was affirmed.
The facts of Soileau are not analogous to those presented herein. First, Reynaud manifested his intent to renew coverage before his existing coverage lapsed and before the automobile accident took place. Second, Reynaud replaced the dishonored check with a money order, thereby preventing Safeway from suffering any loss. These distinctions prevent us from relying on Soileau, and those cases factually similar to Soileau, cited by Safeway, in reaching today's decision. See Snowden v. United of Omaha Life Insurance Co., 450 So.2d 731 (La.App. 5th Cir.1984) and Oxner v. Union National Life Insurance Co., 289 So.2d 229 (La.App. 1st Cir.1973), writ denied, 292 So.2d 243 (La.1974).
Under these circumstances, we find nothing in the record to indicate that the jury's determination on the coverage issue was clearly wrong.

II. DAMAGES
James Prados was awarded $5,000.00 in general damages, $726.60 in lost wages, and $1,077.60 in medical expenses. He appeals only the award for general damages.
At the time of the accident, Prados was employed for the summer with the St. Landry Parish Sheriff's Department. During the school year he was employed by the St. Landry Parish School Board as a school principal. Prados was unable to perform his job duties with the Sheriff's Department in the summer of 1986 as a result of the injuries he sustained in this accident. He was not, however, disabled from his responsibilities as a school principal.
Prados saw Dr. John Tassin one time each in June, July, September and November, 1986, at which time he was discharged. At each visit, Prados complained of varying degrees of pain in his neck, shoulders, arms, lower back, and knees. Dr. Tassin diagnosed a soft tissue injury and prescribed physical therapy and pain medication. Prados returned to Dr. Tassin in May 1987 for a flareup of pain upon exertion, and returned once more in January 1988, apparently for an injury sustained while on a fishing trip.
Prados participated in five physical therapy sessions immediately after the accident and curtailed his golf and fishing activities. His pain subsided three weeks after the accident and by the fall, three months post-accident, he was very much improved.
Before an appellate court can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making that award. Coco v. Winston Industries, 341 So.2d 332 (La.1977). We have thoroughly reviewed this record and have found that the jury did not abuse its much discretion in concluding that the plaintiff, James Prados, is entitled to general damages totalling $5,000.00.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against Safeway and Prados.
AFFIRMED.
NOTES
[1] The conditional payment rule provides that the giving of a check is a conditional payment and when honored on presentment constitutes payment as of the date received. Langridge v. Dauenhauer, 120 La. 450, 45 So. 387 (1908).