ROLAND L. BELSOME, Judge.
 

 | plaintiff, Edward Collins, appeals the trial court’s granting of a Motion for Summary Judgment in favor of defendant, State Farm Insurance Company, thereby dismissing Mr. Collins’ claims against State Farm with prejudice. For the reasons set forth below, we affirm.
 

 Mr. Collins had a homeowner’s policy, issued by State Farm, on his property located at 7508 Lafourche Street, New Orleans. Sometime in 2000, Mr. Collins made a claim against his homeowner’s policy for roof damage. State Farm adjusted the claim and paid the damages due. Subsequently, an inspection conducted by State Farm indicated that no repairs were made to the roof. Thereafter, it was determined that State Farm would not renew Mr. Collins’ homeowner’s policy on its expiration date of May 30, 2005. Mr. Collins filed claims related to damage incurred by Hurricane Katrina on or about August 29, 2005. State Farm denied the claims stating that there was no homeowner’s policy in force at that time.
 

 The sole issue before this Court is whether State Farm Insurance Company mailed a notice of nonrenewal of the homeowner’s policy to Edward Collins in compliance with Louisiana law.
 

 | ¡.The trial court previously granted summary judgment in 2008 in favor of State Farm, finding its notification of nonrenewal to Mr. Collins was properly confected in accordance with Louisiana law. Mr. Collins appealed and this court reversed, with two judges dissenting.
 
 Collins v. State Farm Ins. Co.,
 
 08-0790 (La.App. 4 Cir. 10/14/08), 997 So.2d 51(Tobias, J. and Belsome, J., dissenting),
 
 writ denied, Collins v. State Farm Ins. Co.,
 
 08-3012 (La.2/20/09), 1 So.3d 499. The majority held that the sworn affidavits from the homeowner and mortgagee declaring that they did not receive notice of State Farm’s intention to not renew the policy created a genuine issue of material fact as to whether the insurer’s notice of nonrenewal was effective.
 

 On remand, State Farm re-urged summary judgment presenting additional evidence of mailing. After hearing arguments and reviewing the evidence, the trial court granted summary judgment in favor of State Farm, dismissing all claims asserted by Mr. Collins under his homeowner’s policy. This appeal followed.
 

 A trial court’s entry of summary judgment is reviewed
 
 de novo
 
 on appeal.
 
 Spicer v. Louisiana Power & Light Co.,
 
 1997-2406 (La.App. 4 Cir. 4/8/98), 712 So.2d 226.
 

 Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). For the purpose of summary judgment the mover bears the burden of proof. La. C.C.P. art. 966(C)(2). After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial.
 
 Id.; Smith v. General Motors Corp.,
 
 31,258 (La.App. 2 Cir. 12/9/98), 722 So.2d 348. An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denial of his pleading, but his response, by | ¡¡affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. C.C.P. art. 967;
 
 Longo v. Bell South Telecommunications, Inc.,
 
 2003-1887, pp. 4-5 (La.App. 4 Cir. 10/7/04),
 
 *483
 
 885 So.2d 1270, 1273-1274. “[FJacts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.”
 
 Suire v. Lafayette City-Parish Consol. Govt.,
 
 2004-1459, p. 11 (La.4/12/05), 907 So.2d 37, 48.
 

 On appeal, the plaintiff argues that the trial court erred in granting summary judgment because there is still a genuine issue of material fact regarding whether State Farm provided the appropriate notice of the nonrenewal of Mr. Collins’ homeowner’s policy in accordance with Louisiana law. We disagree.
 

 The statutes that are controlling with respect to the nonrenewal of homeowner’s insurance policies in Louisiana are, La. R.S. 22:636, La. R.S. 22:636.1 and La. R.S. 22:636.6.
 
 [1]
 
 La. R.S. 22:636 applies generally to property and casualty insurance policies and provides in pertinent part:
 

 G. (1) No insurer shall fail to renew a policy providing property or casualty insurance unless a notice of intention not to renew is
 
 mailed or delivered
 
 to the named insured at the address shown on the policy at least thirty days prior to the effective date of nonrenewal.
 

 La. R.S. 22:636(G)(1) (emphasis added).
 

 Additionally, La. R.S. 22:636.1, referring to nonrenewal of property and casualty insurance policies specifically, states in part:
 

 E. (1) No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days advance notice of its intention not to renew.
 

 [[Image here]]
 

 _JjF.
 
 Proof of mailing of notice of ... intention not to renew ... to the named insured at the address shown in the policy, shall be sufficient to proof of notice.
 

 La. R.S. 22:636.1(E)(1) and (F) (emphasis added).
 

 And lastly, La. R.S. 22:636.6, referring to the nonrenewal of homeowner’s insurance, reads in part:
 

 A. An insurer that has issued a policy of homeowner’s insurance shall not fail to renew the policy unless it has
 
 mailed or delivered
 
 to the named insured, at the address shown in the policy, written notice of its intention not to renew. The notice of nonre-newal shall be mailed or delivered at least thirty days before the expiration date of the policy.
 

 La. R.S. 22:636.6(A) (emphasis added).
 

 Louisiana law requires that statutes be applied as written and no further interpretation made in search of the legislature’s intent when the law is clear and unambiguous and its application does not lead to absurd consequences. La. C.C. art. 9. In the present case, the statutes’ language is clear. The mailing of a notice of nonre-newal to the insured’s address, as listed on the policy, at least thirty days before the expiration of the policy satisfies the burden placed upon the insurer. La. R.S. 22:636,
 
 et seq.
 
 Noticeably absent from the statutes is language requiring the notice of nonrenewal be received in order for it to be effective.
 

 When enacting these statutes, the Legislature specifically distinguished between the standard of notice required for cancellation and that for nonrenewal of insurance policies. More specifically, La. R.S. 22:636(A)(l)relating to cancellation states
 
 *484
 
 that, “[w]ritten notice of ... cancellation must be actually delivered ...” (emphasis added). The Legislature did not attach such language to the requirements of notice of nonrenewal.
 

 On remand, State Farm presented the trial court with a Certificate of Mailing Listing authenticated by a team manager’s affidavit. The certifícate bore the | ^signature of State Farm Postal Operator Margaret Wynn and U.S. Postal Operator Larry Bailey, Jr., the two persons involved in the mailing of Mr. Collins’ nonrenewal notice. The certificate included the name and addresses for the notice recipients, as well as, copies of the notices. These documents indicated that Mr. Collins and his first and second mortgage holders were sent nonrenewal notices on April 27, 2005.
 

 In further' verification and support of the Certificate of Mailing Listing, State Farm took the depositions of Ms. Wynn and Mr. Bailey. Ms. Wynn identified her signature on the Certificate of Mailing Listing. She also testified that it was her responsibility to place the nonrenewal notice in an envelope, place postage on the envelope and hand deliver the mailings to the post office.
 

 At the post office, the employee of the U.S. Postal Service would sign the certificate to verify receipt and mailing of the notices. Mr. Bailey, the postal employee, testified that his signature was on the certificate and that meant that he had checked the envelopes against the list of recipients and accepted the envelopes for mail delivery. Once State Farm established mailing as required by the applicable statutes, the burden shifted to Mr. Collins. Since receipt of the nonrenewal notice is not required by law, the mere denial of receipt cannot create a genuine issue of material fact under these circumstances.
 

 This evidence introduced by State Farm satisfied its burden of proof under La. R.S. 22:636,
 
 et seq.
 
 Accordingly, the trial court’s ruling is affirmed.
 

 AFFIRMED
 

 [1]
 

 . La. R.S. 22:636 was renumbered as La. R.S. 22:887 by Acts 2008, No. 415, Sec. 1, (effective Jan. 1, 2009). Also, R.S. 22:636.1 is now 22:1266 and 22:636.6 is now 22:1335.