# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 10-979

JANICE LOSEY JOHNSON

VERSUS

LOUISIANA FARM BUREAU
CASUALTY INSURANCE CO.

************

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 81560
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

************

## PHYLLIS M. KEATY
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

Joseph Payne Williams, Sr.
Williams Family Law Firm, LLC
Post Office Box 15
Natchitoches, Louisiana 71458-0015
(318) 352-6695
Counsel for Defendant/Appellant:
    Louisiana Farm Bureau Casualty Insurance Co.

Keenan K. Kelly
Kelly & Townsend
Post Office Box 756
Natchitoches, Louisiana 71458-0756
(318) 352-2353
Counsel for Plaintiff/Appellee:
    Janice Losey Johnson

**KEATY, Judge.**

Defendant, Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), appeals a judgment granting Plaintiff, Janice Losey Johnson (Johnson), full policy limits under a homeowner's insurance policy that was effectively still valid at the time Johnson's house burned down in November 2007. The jury found that although Farm Bureau mailed a notice of intent not to renew Johnson's homeowner's insurance, the notice was not delivered. For the following reasons, we affirm.

## Facts and Procedural History

Janice and Robert Losey purchased from Farm Bureau, in 2001, insurance policy number H0358756 to cover their home located at 2571 Highway 71 North, Campti, Louisiana, 71411. The policy limit was $297,000 with a $500 deductible. After Robert Losey's death in 2005, Johnson set up automatic debit with City Bank to pay her recurring monthly bills, including the Farm Bureau premiums.

Farm Bureau, in late 2006, conducted a routine five-year inspection of Johnson's property and decided not to renew her policy upon its expiration in July of 2007 because the house had become an unacceptable risk. On May 2, 2007, Farm Bureau mailed a written notice of nonrenewal properly addressed to Johnson at the mailing address on her policy, Post Office Box 366, Campti, Louisiana, 71411. It deducted the final premium from her account on May 14, 2007, and on July 10, 2007, her policy expired.

On November 7, 2007, Johnson's house burned down. This lawsuit arose after Farm Bureau rejected Johnson's claim for total loss caused by the fire on the grounds that Johnson did not have a current homeowner's insurance policy with them.

1

Johnson filed a petition for relief in the 10ᵗʰ Judicial District Court, Natchitoches Parish, Louisiana on July 24, 2008, seeking monetary relief for the losses she sustained. In her petition, Johnson alleged that she was covered by the policy, that she was not notified that the policy had expired until after the fire, and that her losses totaled approximately $300,000.

Farm Bureau filed a general denial, asserting that Johnson was provided with written notice of nonrenewal more than thirty days prior to the termination of her policy, the policy was not in effect at the time of the fire, and, therefore, Farm Bureau was not responsible for Johnson's losses.

A jury trial took place on January 26, 2010, on Johnson's petition for relief. At the conclusion of the trial, the jury was asked to answer two questions: first, did Farm Bureau properly mail a notice of its intent not to renew Johnson's policy on May 2, 2007, and, second, could they "find by a preponderance of the evidence that Louisiana Farm Bureau Mutual Insurance Company's notice of intent not to renew Janice Losey's homeowners insurance policy dated May 2, 2007, was delivered by the United States Post Office to Janice Losey's Post Office Box?" After deliberation, the jury found Farm Bureau had properly mailed the notice on May 2, 2007 and that the notice had not been delivered to Johnson.

On February 9, 2010, having found that the jury verdict was properly voted upon and the law and evidence were in favor thereof, the trial court awarded Johnson full benefits under the policy: $297,000 less a $500 deductible, plus judicial interest. Accordingly, judgment was signed in favor of Johnson and against Farm Bureau.

Farm Bureau is now before this court on appeal asserting the following three assignments of error:

1.     That the jury committed manifest error and was clearly wrong when it found that Johnson did not receive the notice of nonrenewal;

2.     That the trial court committed error as a matter of law in awarding judgment to Johnson; and

3.     That the trial court committed error as a matter of law when it signed the judgment in favor of Johnson.

## DISCUSSION

**Manifest Error by Jury**

We must decide whether the jury was manifestly erroneous when it found that the notice of nonrenewal that Farm Bureau mailed to Johnson on May 2, 2007, was not delivered.

*Pertinent Law*

In order to understand the importance of the jury interrogatories at issue herein, it is imperative to review the law governing nonrenewal of insurance policies at the time of the fire found in La.R.S. 22:636.6.[1] This statute requires that an insurance company mail written notice of its intent to not renew an existing policy to the insured at the address listed on their policy at least thirty days prior to the policy expiration. La.R.S. 22:636.6. The purpose of the notice is to provide the insured with ample time to obtain insurance with another company before their existing policy expires. *Broadway v. All-Star Ins. Corp.,* 285 So.2d 536 (La.1973).[2]

---

[1]Title 22 of the Revised Statutes was renumbered pursuant to Acts 2008, No. 415, § 1 of the Louisiana legislature, effective January 1, 2009. The current number of the pertinent statute governing nonrenewal of insurance policies is now 22:1335. The renumbering did not change the substance of the provisions.

[2]*Broadway* was decided under the "cancellation" statute, La.R.S. 22:636. In *Collins v. State Farm Insurance Co.*, 08-790 (La.App. 4 Cir. 10/14/08), 997 So.2d 51, *writ denied*, 08-3012 (La. 2/20/09), 1 So.3d 499, the court noted that although *Broadway* was decided under the "cancellation" statute, there was no reason in the legislative history of the statutes or by application of logical principles not to apply the same purpose to the "non-renewal" statutes found in La.R.S. 22:636.1.

3

Proof of mailing said notice creates a prima facie rebuttable presumption that the notice was delivered to the insured. *Funk v. La. Underwriters Ins. Co.,* 613 So.2d 1018 (La.App. 3 Cir.), *writ denied*, 616 So.2d 705 (La.1993). The burden then shifts to the insured to prove "by affirmative evidence, nondelivery." *Id.* at 1021-22. The presumption of delivery is overcome when the insured provides affirmative proof that the notice was not delivered. *Collins v. State Farm Ins. Co.,* 08-790 (La.App. 4 Cir. 10/14/08), 997 So.2d 51, *writ denied*, 08-3012 (La. 2/20/09), 1 So.3d 499.

The jury in this case was tasked with answering two interrogatories. The first was whether Farm Bureau mailed the notice of nonrenewal to Johnson at the address listed on her policy and at least thirty days before said policy expired as required by La.R.S. 22:636.6. Having found that Farm Bureau mailed the notice, the jury then had to decide if Johnson was able to prove by a preponderance of the evidence that although the notice had been mailed, it had not been delivered to her. The jury found that Johnson met her burden. Farm Bureau contends that the jury committed manifest error and was clearly wrong in answering interrogatory number two.

### *Standard of Review*

When reviewing a trial court's finding of fact, we use the manifest error/clearly wrong standard of review set forth by our supreme court in *Rosell v. ESCO*, 549 So.2d 840 (La.1989). A court of appeal, after reviewing the record in its entirety, cannot overturn a reasonable finding of fact even if there is some conflicting testimony or it would have chosen differently between two permissible views of the evidence. *Rosell,* 549 So.2d 840. Further, the supreme court made it clear that when "a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly

4

wrong." *Id*. at 845. Indeed, *Rosell* prohibits a court of appeal from overturning a finding of fact based on credibility determinations except "[w]here documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story" in which case the court of appeal may determine that the fact finder was manifestly erroneous. *Rosell,* 549 So.2d at 844-45.

The reason for this stringent standard of review is because an appellate court's "initial review function is not to decide factual issues *de novo*" and "only the factfinder can be aware of variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Rosell,* 549 So.2d at 844.

At trial, the jury necessarily made a finding of fact based on a credibility determination when it concluded that the notice of nonrenewal was not delivered to Johnson's post office box. In order to find that the jury was manifestly erroneous in reaching that conclusion, we must find that either documents and objective evidence so contradict the testimony presented so as to render it absurd or the testimony presented was so implausible on its face that a reasonable fact finder would not credit it.

### *Review of Record*

At trial, Johnson testified that she did not receive the notice of nonrenewal mailed to her in May 2007. Her testimony was corroborated by family friend, Jackie Manausa, who picked up her mail for her several times a week. Johnson further testified that she opened every piece of mail sent to her except for her bank statements, and, not only did she not receive the notice, but she had no knowledge of

the notice of nonrenewal. She testified that in 2006, a Farm Bureau representative discussed problematic trees on her property with her, and she immediately had them removed. When the fire occurred on November 7, 2007, she believed she was still covered by the Farm Bureau policy, and she testified that if she had known that she was no longer covered, she would have obtained insurance through another provider.

Johnson also testified that her mail had not been delivered to her several times before. Although typically the mix up was with her sister, allowing Johnson to recover the misplaced mail easily, there was no testimony at trial to support a conclusion that the notice of nonrenewal was delivered to her sister and returned to Johnson.

Farm Bureau argues that Johnson should have known that her policy was expired because they stopped withdrawing payments in May 2007. It relies on testimony by Johnson wherein she admitted that she did not open mail from her bank, including bank statements and that she did not reconcile her checking account. Testimony about her banking practices was presented at trial, and the jury was able to take that testimony into consideration during its deliberations.[3]

### *Application of Standard of Review to Instant Case*

In deciding whether the notice of nonrenewal was delivered to Johnson, the jury had to make a determination of the credibility of the witnesses. Although some of the testimony presented is questionable, we cannot find manifest error in the jury's credibility determination nor in their determination that the notice of nonrenewal was not delivered to Johnson unless the testimony is so absurd that a reasonable person

---

[3]Farm Bureau makes much about Johnson's banking practices, particularly her testimony that she never opened nor reconciled her bank statements. Although this practice may be irresponsible, we note that even if Johnson had noticed that Farm Bureau was no longer withdrawing premiums from her account, compliance with the statute might still be lacking if she could prove that the written notice of May 2, 2007 was not delivered to her post office box.

would not credit it. *See Rosell,* 549 So.2d 840. Twelve people heard all of the testimony presented at trial and unanimously decided that the notice of nonrenewal had not been delivered to Johnson. After carefully reviewing the entire record, we find that the jury was not manifestly erroneous in their finding of fact. As previously stated, our job is not to review cases *de novo*, and we must afford great deference to the fact finders' determinations as the jury had the opportunity to see facial expressions or hear the tones of voices of the witnesses. Because it was able to take all of the nuances of the testimony into consideration, and because its finding of fact was based on a credibility determination, we find that the jury's answer to interrogatory number two was based on all of the evidence and testimony and was correct.

**Error by Trial Court**

Farm Bureau also asserts that the trial court was wrong when it awarded judgment in favor of plaintiff and signed the judgment. It is well settled that after trial by jury, a trial court must prepare and sign a judgment in accordance with the verdict of the jury. La.Code Civ.P. art. 1916.

During the trial proceedings, neither party objected to the jury instructions or jury interrogatories, nor did they file a motion for judgment notwithstanding the verdict. The trial court did not err in signing a judgment that granted Johnson full policy limits less the deductible after the jury found that she rebutted the presumption of delivery of the notice of nonrenewal, effectively making the policy valid at the time of the fire.

7

## DECREE

For the foregoing reasons, we affirm the jury's finding of fact and the judgment in favor of plaintiff/appellee, Janice Losey Johnson.  All costs of this appeal are assessed to the defendant/appellant, Louisiana Farm Bureau Casualty Insurance Company.

**AFFIRMED.**