PER CURIAM.
 
 [1]
 

 I, We granted certiorari in this matter in order to resolve a conflict between the circuits as to whether La. R.S. 22:1335 (formerly La. R.S. 22:636.6) requires a notice of nonrenewal of a homeowner’s insurance policy to be simply mailed to the insured at the address shown in the policy, or whether it must be actually delivered in order to be effective. Because the plain language of the statute requires only that such notice be mailed, we find that La. R.S. 22:1335 requires only that a notice of nonrenewal of a homeowner’s insurance policy be mailed to the insured, and reverse the rulings of the courts below.
 

 The facts of this case show that plaintiffs Farm Bureau policy was due to expire on July 10, 2007. Because the house had become an unacceptable risk, Farm Bureau mailed a notice of nonrenewal to the plaintiff on May 2, 2007, at the mailing address on her policy. On November 7, 2007, plaintiffs house burned. Farm Bureau denied plaintiffs claim, and plaintiff filed suit, arguing that she had not received a notice of nonrenewal. At trial, the jury found that Farm Bureau had Improperly mailed the notice to plaintiffs post office box, but that the post office had
 
 *608
 
 failed to deliver it. The trial court issued a judgment in favor of the plaintiff, adjudging full coverage for the home and personal property destroyed in the fire.
 

 The court of appeal affirmed, stating that “[p]roof of mailing creates a prima facie rebuttable presumption that the notice was delivered to the insured,” that “[t]he burden then shifts to the insured to prove ‘by affirmative evidence, nondelivery,’ ” and that “[t]he presumption of delivery is overcome when the insured provides affirmative proof that the notice was not delivered.”
 
 Johnson v. Louisiana Farm, Bureau Casualty Ins. Co.,
 
 10-979, p. 4 (La.App. 8 Cir. 2/2/2011), 55 So.3d 1024, 1027.
 

 The Fourth Circuit, in
 
 Collins v. State Farm,
 
 a case factually similar to this one, had held previously that “[t]he mailing of a notice of nonrenewal to the insured’s address, as listed on the policy, at least thirty days before the expiration of the policy satisfies the burden placed upon the insurer” by statute.
 
 Collins v. State Fami,
 
 2010-0769 (La.App. 4 Cir. 1/26/11), - So.3d -, 2011 WL 241955, p. 2.
 

 The statute at issue, La. R.S. 22:1335, reads in pertinent part:
 

 § 1335. Homeowner’s insurance; cancellation, nonrenewal
 

 A. An insurer that has issued a policy of homeowner’s insurance shall not fail to renew the policy unless it has mailed or delivered to the named insured, at the address shown in the policy, written notice of its intention not to renew. The notice of nonrenewal shall be mailed or delivered at least thirty days before the expiration date of the policy. If the notice is mailed less than thirty days before expiration, coverage shall remain in effect under the terms and conditions until thirty days after the notice is mailed or delivered. Any earned premium for the period of coverage extended beyond the expiration date shall be considered pro rata based upon the rate of the previous year.
 

 B. The notice of nonrenewal shall not be required if the insurer or a company within the same insurance group has offered to issue a renewal policy, or if the named insured has provided written notification to the insurer of the intention of the insured not to renew.
 

 This Court recently examined the “mailing or delivery” requirement of LaL R.S. 22:1335 in relation to whether an insurer had notified the insured of its willingness to renew the policy by mailing the insured the policy renewal notice in the case of
 
 Nolan v. Mabray,
 
 2010-0373 (La.11/30/10), 51 So.3d 665. In that case, the Court analogized the notice requirement of La. R.S. 22:1335 to the similar notice requirement contained in La. R.S. 22:636.1. The Court said:
 

 [A]n insurer has a prima facie burden to prove that it mailed a required renewal notice, which creates a presumption the insured received the notice. However, the insured may rebut this presumption, typically by testifying the notice was never delivered. This is a factual determination to be made by the trial court.
 

 Mabray,
 
 51 So.3d at 671.
 

 Here, although the notice to be mailed was a notice of nonrenewal rather than a notice of renewal, the principle is the same. The key is that the statute requires only mailing, not proof of receipt. Any evidence of non-delivery is relevant only as far as it is evidence of non-mailing or improper mailing, which is an issue for the fact finder to resolve.
 

 In this case, the jury found that Farm Bureau had properly mailed the notice of nonrenewal, even after taking into consideration that the plaintiff did not receive the notice. This finding ended the jury’s
 
 *609
 
 fact finding duty, and the fact that the plaintiff did not receive the notice was otherwise irrelevant. Farm Bureau did all that it was required to do under La. R.S. 22:1335 in order to give notice of nonre-newal of the homeowner’s insurance policy.
 
 [2]
 

 For the reasons set out above, we find that the homeowner’s policy was not renewed and that Farm Bureau did not provide homeowner’s coverage to plaintiff at the time of the loss.
 

 REVERSED AND RENDERED.
 

 KNOLL, J., and WEIMER, J., would grant and docket.
 

 [1]
 

 . Chief Justice Kimball not participating in the opinion.
 

 [2]
 

 . The legislature can alter the statute to require proof of receipt, but that is for the legislature, not the courts, to decide.