KUHN, J.,
dissenting.
hi disagree with the majority’s reversal of the grant of summary judgment in favor of Farmers Insurance Exchange (Farmers) and would affirm the trial court’s dismissal of Mr. Bui’s claim for coverage. Mr. Bui has failed to rebut Farmers’ showing of entitlement to dismissal from this lawsuit.
The court in Johnson v. Louisiana Farm Bureau Cas. Ins. Co., 2011-0476 (La.5/6/11), 60 So.3d 607, granted certiora-ri to resolve conflicts amongst the circuits concerning written notice requirements under La. R.S. 22:1335. The court resolved the conflict on the question of whether the statute required actual delivery of the notice of non-renewal or simply mailing for the cancellation to be valid. The issue presented by the appellant in this case is his assertion that he must simply rebut the presumption of mailing. But in doing so appellant fails to recognize his burden of proof set forth in La. C.C.P. art. 966.
The Johnson court stated that there are only two relevant considerations on the issue of non-delivery of the notice: (1) nondelivery as evidence of non-mailing (appellant has not disputed the mailing but only that he has not received the mailing); and (2) improper mailing (an issue not addressed at all by appellant).
| ^.Similarly to La. R.S. 22:1335, La. R.S. 22:887 addresses notice to the insured of cancellation of policies although the latter provides for policies cancelable at the option of the insurer rather than nonrenewal of a policy. La. R.S. 22:887 A(l)(a) specifies that written notice of cancellation must be actually delivered or mailed to the insured not less than thirty days prior to the effective date of the cancellation. Subsection A(3) provides that where written notice of cancellation or nonrenewal is required and the insurer elects to mail the notice, the running of the time period between the date of mailing and the effective date of termination of coverage shall commence upon the date of mailing. Subsection B explains that the mailing of any such notice is effectuated by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer’s rec *662 ords, with proper prepaid postage affixed, in a letter depository of the United States Post Office. And according to the plain language of Subsection C, the affidavit of the individual making or supervising such a mailing shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.
Farmers presented the affidavit of Cheryl Jordon, its representative, stating that notice of cancellation was mailed to Mr. Bui’s address on July 1, 2008, advising Mr. Bui that his homeowner’s insurance would be cancelled effective August 8, 2008. Additionally, the notice and proof of mailing was admitted into evidence showing the cancellation notice was sent to 1173 Sherwood Forrest Drive, Baton Rouge, LA, 70815-5328. Indeed, Mr. and Mrs. Bui’s sworn affidavits confirm that Farmers sent the notice to thejjcorrect address. Thus, under La. R.S. 22:887 C Farmers established prima facie evidence of the fact of the mailing.
Mr. Bui responded to that showing by Farmers with his affidavit and that of his wife attesting that they never received oral or written notice of cancellation. Neither of these affidavits addresses the two relevant considerations of non-delivery discussed by the court in Johnson. As such, Mr. Bui has offered nothing to demonstrate that he can meet his burden of proof as required by La C.C.P. art. 966. Thus, he has not established a relevant issue of material fact, and the judgment must be affirmed.
Moreover, I note that subsequent to his affidavit, Mr. Bui admitted that he had made misrepresentations in that affidavit. Specifically, Mr. Bui’s memorandum in response to Farmers’ supplemental memorandum stated that Mr. Bui did not continue to make payments on his premium; but that instead, he had made a single payment for a six-month period of coverage. The statement in Mr. Bui’s sworn affidavit, indicating that he had continued to make payments subsequent to the date that Farmers mailed notice, was an attempt by plaintiff to introduce facts to rebut the prima facie showing defendant had made under La. R.S. 23:887 A(l)(c). By recanting his affidavit testimony, Mr. Bui casts further doubt on his ability to overcome the presumption of notice, and the trial court was entitled to reject all the statements contained in his and his wife’s sworn affidavits. As such, Mr. Bui has further demonstrated his inability to meet his burden of proof at trial.
For these reasons, there is no coverage and Farmers was correctly dismissed from the lawsuit. Accordingly, I dissent.