McCLENDON, J.,
concurs and assigns reasons.
| TPelivery of the notice of cancellation to an insured is not required under LSA-R.S. 22:887 in order for an insurer to effectively cancel an insurance policy. Rather, the statute only requires that the notice be mailed to the insured, and the affidavit of the individual making such a mailing constitutes prima facie evidence of such facts of the mailing as are affirmed therein. LSA-R.S. 22:887(C). Although the presumption is rebuttable, I question whether the mere denial of receipt by the insured creates a genuine issue of material fact absent other affirmative evidence of non-mailing or improper mailing. However, I am constrained to agree with the majority based on Johnson v. Louisiana Farm Bureau Cas. Ins. Co., 11-0476 (La.5/6/11), 60 So.3d 607, wherein the court, addressing nonrenewals pursuant to LSA-R.S. 22:133s,[1] indicated:
*663 [A]n insurer has a prima facie burden to prove that it mailed a required renewal notice, which creates a presumption the insured received notice. However, the insured may rebut this presumption, typically by testifying the notice was never delivered. This is a factual determination to be made by the trial court. [Emphasis added.]
Johnson, 11-0476 at p. 2, 60 So.3d at 607-08 [citing Nolan v. Mabray, 10-0373, p. 8 (La.11/30/10), 51 So.3d 665, 671]. The court further noted that “evidence of nondelivery is relevant only as far is it evidence of non-mailing or improper 12mailing, which is an issue for the fact finder to resolve.” Johnson, 11-0476 at p. 2, 60 So.3d at 607-08. Therefore, I must respectfully concur.

. While Johnson addressed nonrenewals under LSA-R.S. 22:1335, the provisions regard *663 ing notice are substantially the same as those found under LSA-R.S. 22:887.